IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KERMIT TYRONE MINTZE,
       Petitioner,

vs.                                   Case No.  3:04cv339/RV/MD

BUREAU OF PRISONS, ET AL.
       Respondents,

## REPORT AND RECOMMENDATION

This matter is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 10) along with separately filed attachments. (Doc. 11).  The respondents have filed an answer (doc. 19) and the petitioner has filed a pleading entitled "motion: amended petition 2241" which does not address the arguments raised by the respondents.  (Doc. 22).

The United States District Court for the Southern District of Georgia sentenced petitioner to a term of 150 months imprisonment for his role in a cocaine conspiracy on July 19, 1995.  On July 20, 1995, he was sentenced in state court to a term of 4 years imprisonment for possession of cocaine, for conduct that occurred during the course of the charged federal conspiracy.  Petitioner contends that the latter sentence was to run concurrent with any sentence imposed in federal court. (Doc. 10, exh. A).  After his state sentencing, he was returned to custody of the state authorities.  He now seeks credit against his federal sentence for the 11 months and 7 days he spent in state custody before he was returned to the custody of the bureau of prisons.  *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990).  The respondents

contend that the petition must be denied because this issue has already been litigated and ruled upon by the sentencing judge.

### Procedural matters

First, respondents contend that the only proper respondent is the individual having custody over the petitioner, in this case Warden Jordan, and that the Bureau of Prisons and Warden Bauknecht must be dismissed as respondents. This is correct. However, in light of the court's recommendation on the issue of res judicata, below, this matter is of minor significance.

Respondents also maintain that service of process was not effected upon Warden Jordan. In fact, the file contains a Domestic Return Receipt from the U.S. Postal Service indicating that Jordan was served via certified mail on January 3, 2005. This contention, therefore, is without merit.

### Res Judicata

The important question is whether the petition is barred by the doctrine of res judicata, due to another court's consideration of the same claim. Respondents contend that it is thus barred. Petitioner has not opposed this contention.

The docket in petitioner's criminal case indicates that he was sentenced on July 19, 1995, and that there was no further significant activity until April 12, 2004, when petitioner filed a Motion for Reconsideration of his Previous Request for Nunc Pro Tunc Designation of State Facility for Service of his Federal Sentence. (Doc. 19, exh. 5). On May 10, 2004, the presiding district judge in Mintze's case, Judge Edenfield, ordered the government to file a responsive brief and affording Mintze an additional 15 days in which to respond. (Doc. 19, exh. 6). The government's response was filed on May 18, 2004. (Doc. 19, exh. 7). In the response, the government states that in considering an inmate's request for nunc pro tunc designation, the BOP will send a letter to the sentencing court to ask whether it has

any objections.  It did that in petitioner's case, and the sentencing court advised that it did <u>not</u> want a nunc pro tunc designation in this case.  (Doc. 19, exh. 7 at 3).  The government also notes that the relief sought should have been requested via a § 2241 motion in the Northern District of Florida.  (*Id.* At 6).  Mintze did not file a reply and the motion was denied on June 21, 2004.  (Doc. 19, exh. 8 & 9).

On July 12, 2004, petitioner filed the same Motion for Reconsideration in the Southern District of Georgia.  (Doc. 19, exh. 10).  A magistrate judge filed a recommendation indicating that:

> [t]his motion is identical to those previously filed in his criminal case, CRJ495-10, all of which have been repeatedly denied by the district judge, both initially and upon reconsideration. . . .  The court recommends that the instant motion, styled as a petition under 28 U.S.C. § 2241, be denied.  The Court recommends that the instant motion, styled as a petition under 28 U.S.C. § 2241, be similarly denied. In the alternative, the 2241 petition should be transferred to the district where petitioner is presently confined.

(Doc. 19, exh. 11, at 1).  Petitioner was served with a copy of the recommendation and he was afforded until September 7, 2004 to file objections. (Doc. 19, exh. 12), but he filed no objections.  (Doc. 19, exh. 13).  Judge Edenfield adopted the Report and Recommendation as the opinion of the court on September 15, 2004.  (Doc. 19, exh. 14).  The Judgment states:

> That in accordance with the Court's Order dated 9/15/04, adopting the Magistrate Judge's Report and Recommendation; Judgment is hereby entered denying Plaintiff's 2241 petition.

(Doc. 19, exh. 15).  A copy of the judgment was mailed to petitioner and to this court on September 15, 2004.  (Doc. 19, exh. 16).

The government now argues that the docket sheet reflects that the petition was dismissed and transferred to this court, but that this was done in error because the court adopted the recommendation of the magistrate judge to deny the petition and transferring the case was an alternate, secondary recommendation.  The government argues that  the error made by the Clerk of the court in the Southern

District of Georgia in transferring the case should not allow the petitioner another bite at the apple, his third, in this court, and that in any event res judicata and/or collateral estoppel should apply.  The petitioner has not responded in opposition to the government's argument.  The pleading received by the court after the answer was filed, entitled "motion: amended petition 2241" was dated two days before the date the answer was served.

Res judicata applies only if each of four factors are shown: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *E.E.O.C. v. Pemco Aeroplex, Inc.,* 383 F.3d 1280, 1285 (11th Cir. 2004) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (citing *Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir. 1990))).  Collateral estoppel can apply only "when the parties are the same (or in privity) [and] if the party against whom the issue was decided had a full and fair opportunity to litigate the issue in the earlier proceeding." *Id.* (quoting *In re Southeast Banking Corp.*, 69 F.3d 1539, 1552 (11th Cir. 1995) *(citing Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir. 1993)).

In this case, the prior decision was rendered by a court of competent jurisdiction, the Southern District of Georgia.  The decision was a final one.  Both cases involve the petitioner and the Bureau of Prisons as the petitioner's custodian, and the identical cause of action: petitioner's claim that he should receive credit for time spent in state custody towards his federal sentence.  Finally, petitioner had a full and fair opportunity to litigate the issue in the earlier proceeding, and in fact raises no new arguments or facts here.  See *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001) ("res judicata turns primarily on the commonality of the *facts* of

the prior and subsequent actions"). Therefore, the claim he now raises is barred by res judicata and should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That the amended petition for writ of habeas corpus (doc. 10) be DENIED because the claim raised therein is barred by the doctrine of res judicata, and this case be dismissed.

At Pensacola, Florida, this 16th day of August, 2005.

/s/ Miles Davis
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Objections to these findings and recommendations may be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**